## Dollar Title and Trust Company, to use, v. Noce et ux.

*Wallace C. Leffingwell,* for plaintiff.
*Service, McNeal & Buckley,* for defendants.

McLAUGHRY, P. J., March 31, 1932.—On January 29, 1927, the defendants, Sisto J. Noce and Madeleine Noce, husband and wife, executed and delivered to the Dollar Title and Trust Company a mortgage in the sum of $5600, with an accompanying bond in a like amount and of the same date. On February 9, 1927, the Dollar Title and Trust Company assigned the mortgage and bond to the Metropolitan Life Insurance Company, the assignment being recorded on February 10, 1927. Under the terms of the mortgage, the principal was to be paid in semiannual instalments of $170, together with interest at six per cent. per annum, payable semiannually. Both the payments on the principal and the

interest were to be payable on the first day of February and the first day of August, each year, and it appears that the defendants made payments monthly of both principal and interest on said mortgage to the Dollar Title and Trust Company until July, 1930. It seems that about that time the defendants made arrangements with the Sharon Building and Loan Association to borrow the balance remaining unpaid on the mortgage, including principal and interest, amounting to $4620.82. It does not seem to be denied that a check for the amount was delivered to Ralph E. Matthews, secretary of the Dollar Title and Trust Company, on July 15, 1930. It also appears from the evidence that Matthews appropriated the money to his own use. The mortgage was not satisfied of record, and on March 21, 1931, the Metropolitan Life Insurance Company filed the bond accompanying the mortgage, entered judgment thereon, and a fieri facias was issued to collect the judgment. The plaintiff's statement issued at the time shows the defendants were credited with the full amount paid by them excepting the last payment, $4620.82. A rule was granted on plaintiffs to show cause why the judgment should not be opened and the defendants let into a defense. From the pleadings and the testimony taken at the hearing, it is apparent that the defendants allege payment in full.

The whole question in this case seems to be one of agency. Was the payment of $4620.82 made on July 15, 1930, to the Dollar Title and Trust Company payment to the Metropolitan Life Insurance Company?

It seems from the testimony that through an arrangement between the Metropolitan Life Insurance Company and the Dollar Title and Trust Company a large number of mortgage loans covering property in Mercer County and Brookfield Township, Trumbull County, Ohio, were made. The Dollar Title and Trust Company appraised the property and attended to all the details of the loan, including guaranteeing the title for the purpose of assignment. Practically all the mortgages were made payable at the rate of three per cent. on the principal, semiannually, with interest at six per cent. payable semiannually, the mortgages maturing in fifteen years. It appears also from the testimony that the Dollar Title and Trust Company collected from the mortgagors the instalments of principal and interest.

Testimony was presented at the hearing, showing that a number of these mortgages were prepaid before the mortgages were due, the payments having been made to the Dollar Title and Trust Company, and were later satisfied on the records by virtue of a power of attorney of the Metropolitan Life Insurance Company, it appearing that the custom was for the mortgagors to pay to the Dollar Title and Trust Company, and for the Dollar Title and Trust Company then to remit to the Metropolitan Life Insurance Company, and it seems to have been accepted later, inasmuch as the power of attorney to satisfy the mortgages had been placed on record. It appears that at the time the final payment of $4620.82 was made to the Dollar Title and Trust Company, said company gave to the Sharon Building and Loan Association a windstorm policy and a fire insurance policy, insuring the property covered by the mortgage, the mortgagee clause being canceled by the Dollar Title and Trust Company on July 15, 1930.

From the answer to the petition to open judgment, it is apparent that the Metropolitan Life Insurance Company depends largely upon a contract between the Metropolitan Life Insurance Company and the Dollar Title and Trust Company, under which the latter is authorized by the former to collect from mortgagors the instalments of principal and interest on all mortgages taken by the Dollar Title and Trust Company and assigned to the Metropolitan Life Insurance Company as they fall due. The plaintiff contends that the Dollar Title and Trust Company was not given power to collect the $4620.82 from the defendants

in this case. There does not seem to be any question but that this contract was in effect between the parties up to the time of the closing of the Dollar Title and Trust Company. Testimony was presented at the hearing for the purpose of showing that the Metropolitan Life Insurance Company had by its course of dealing enlarged the scope of the authority of its agent. It is claimed that the Dollar Title and Trust Company, in receiving payments of principal and interest, was acting as agent of the Metropolitan Life Insurance Company. A number of cases were cited by counsel for the defendants for the purpose of showing that the evidence in this case justified the conclusion that the agency of the Dollar Title and Trust Company had been enlarged. It is alleged that the evidence and law presented in this case are such as to justify the court in opening the judgment.

Counsel for the plaintiff has argued that in this case the agency of the Dollar Title and Trust Company was limited to that given in the agreement made between the Metropolitan Life Insurance Company and the Dollar Title and Trust Company, and the agreement was that the Dollar Title and Trust Company could collect only interest and payments as they became due, and therefore it had no authority as an agent to collect the amount here in litigation. Counsel for plaintiff has given a careful analysis of the cases relied upon by counsel for defendants, for the purpose of showing that they did not apply to this case.

We do not think it necessary here for the court to discuss the facts in the different cases cited, but we feel we are justified in concluding that the plaintiff cannot rely entirely upon the agreement made between the Metropolitan Life Insurance Company and the Dollar Title and Trust Company, the terms of which were unknown to the defendants. We think it has been decided that if a principal holds out the agent to others as a general agent in the transaction of his business, any contract made by him within the scope of the business will bind the principal, although there may be a restriction upon the extent of the authority between the principal and the agent, if the person with whom the contract is made has no notice of these restrictions. We think the principle laid down in Brooke et al. *v.* N. Y., Lake Erie & Western R. R. Co., 108 Pa. 529, and followed since then, is the law applicable here. The court there said:

"The principal is bound by all the acts of his agent within the scope of the authority which he held him out to the world to possess, notwithstanding the agent acted contrary to instructions."

If the Dollar Title and Trust Company received the money paid by the Sharon Building and Loan Association for the defendants, by the authority of the Metropolitan Life Insurance Company, the mortgage has been fully paid. We think there was sufficient testimony presented at the hearing on the rule to show cause why judgment should not be opened to warrant a submission of the case to the jury, where testimony can be presented for the purpose of showing whether such agency can be implied from the conduct of the parties as to warrant the conclusion that the agent was acting within the scope of its agency in receiving this prepayment.

### Order

And now, March 31, 1932, this matter came on to be heard on a rule to open judgment, and testimony was taken and argued by counsel; whereupon, after due consideration, the rule is made absolute and the judgment is opened.

From W. G. Barker, Mercer, Pa.